IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:16-CV-171-BO

| | |
|---|---|
| ANTHONY T. BELCHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| NANCY A. BERRYHILL, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on May 18, 2017, in Edenton, North Carolina. For the reasons discussed below, the decision of the Commissioner is affirmed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Titles II and XVI of the Social Security Act. Plaintiff protectively filed his applications on June 10, 2013, alleging disability beginning January 1, 2013. After initial denials, a hearing was held before an Administrative Law Judge ("ALJ") who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. See 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date. Plaintiff's physical impairments of status-post cerebrovascular accident in May 2013 with residuals in the left upper extremity and left sided weakness, hypertension, chronic kidney disease, headaches, depressive disorder, degenerative disc disease/scoliosis, obesity, and borderline intellectual functioning were considered severe at step two, but were not found alone or in combination to meet or equal a listing at step three. At step four the ALJ concluded that plaintiff had the RFC to perform light work with the following limitations: frequent use of the non-dominant, left upper extremity for work-related activities of reaching in all directions, pushing, pulling, operating hand controls, handling, fingering, and/or feeling; frequent use of the left lower extremity for pushing, pulling, and/or operating foot controls; occasional climbing ramps and stairs; no climbing ladders, ropes,

3

or scaffolds; occasional balancing, stooping, kneeling, crouching, and/or crawling; and must avoid concentrated exposure to workplace hazards. The ALJ further specified that plaintiff could understand and perform simple, routine, repetitive tasks and could maintain concentration, persistence, and pace to stay on task for two-hour periods at a time over a typical eight-hour workday, in a low stress work setting, further defined to mean no production-pace or quota-based work but rather a goal-oriented job primarily dealing with things as opposed to people. The ALJ defined social interaction to mean no more than frequent social interaction with supervisors and co-workers, but occasional work with the public. The ALJ then found that plaintiff could not perform his past relevant work, but, in considering plaintiff's age, education, work experience, and RFC, that there were other jobs that existed in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled within the meaning of the Act.

In disputing the ALJ's opinion, plaintiff first argues that the ALJ erred in evaluating the opinions of Drs. Thomson and Albert. Plaintiff contends that the opinion of Dr. Thompson, as a treating physician, was entitled to controlling weight and not partial weight as determined by the ALJ. The Fourth Circuit has found that in Social Security disability cases, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (citing *Hines v. Bowen*, 872 F.2d 56, 59 (4th Cir. 1989)). If an opinion from a treating source is well-supported by and consistent with the objective medical evidence in the record, it may be entitled to controlling weight. 20 C.F.R. §§ 404.1527(c), 416.927(c). Where an opinion is inconsistent with other evidence in the record, the ALJ need not give that opinion any significant weight. *Id.*; *see also Craig v. Chater*, 76 F.3d at 585, 590 (4th Cir. 1996) ("[I]f a

4

physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight."). However, ALJ's decision to do so must be accompanied by "a narrative discussion" that discusses "how the evidence supports each conclusion," such that the ALJ's decision is sufficiently specific to make it clear to a reviewing district court "why the opinion was not adopted." *See* SSR 96-8p.

Here, the ALJ did not err in declining to give the opinion of Dr. Thompson controlling weight because that opinion was inconsistent with overall record and because that determination was adequately discussed by the ALJ in the opinion. Dr. Thompson's opinion placed greater limitations on plaintiff's abilities to lift, carry, stand, walk, and sit than the ALJ found, and also placed greater limitations on plaintiff's ability to use his right upper and lower extremities and perform postural activities than the ALJ found. *See* Tr. 473–76. However, and as discussed by the ALJ, Dr. Thompson's own treating records and records of physical examinations did not support that opinion. Dr. Thompson's records show that plaintiff's physical examinations were generally normal, with only notations of a slightly irregular gait, some arm and back tenderness, some shoulder crepitus, and slightly reduced strength in the upper left extremity on one occasion. Tr. 487–88, 493–94, 501, 507–08, 522–23. Dr. Thomson's treatment records do not show significant weakness, inability to perform postural activities, or other significant findings to support the findings in her opinion. Furthermore, and also as discussed by the ALJ, Dr. Thompson's opinion was inconsistent with the other substantial evidence of record. The records from three other physician examinations did not indicate as significant as physical limitations as that opined by Dr. Thompson. *See* Tr. 458–59, 461–64, 465, 516, 549. Additionally, Dr. Sewell opined that plaintiff could sit, stand, and walk normally in an eight-hour workday with normal breaks, and the ALJ discussed and properly found that opinion to be consistent with the "repeat

5

findings in the record." Tr. 23, 465. Therefore, the ALJ did not commit error in giving partial weight to Dr. Thomson's opinion because the ALJ sufficiently explained his rationale and because Dr. Thompson's opinion was not substantially supported by the record evidence. *See Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) (a physician's opinion should be accorded significantly less weight if it is not supported by clinical evidence or if it is inconsistent with other substantial evidence).

Plaintiff also contends that the ALJ erred by according little weight to the opinion of Dr. Albert. This was not in error, because the ALJ properly determined that Dr. Albert's opinion was vague and inconsistent with the record as a whole, and thus entitled to little weight. Tr. 24–25. In January 2013, Dr. Albert opined that plaintiff may have difficulty sustaining attention to perform routine repetitive tasks in a full time job and may have difficulty tolerating the stress and pressures associated with everyday activities. Tr. 545. In December 2013, Dr. Albert opined that plaintiff would have extreme difficulty sustaining attention to perform routine repetitive tasks, would have difficulty relating to fellow workers and supervisors, and would not likely tolerate the stress and pressures associated with day-to-day work activities. Tr. 471. However, plaintiff himself reported that he was independent in all activities of daily living, Tr. 16, 341, 373, and Dr. Thompson consistently found plaintiff to have normal mood, affect, behavior, judgment, and thought content. Tr. 487, 494, 501, 508, 522, 541. In addition, two other physicians both opined that plaintiff could understand and remember simple instructions; maintain the level of attention and concentration required to perform simple, routine, repetitive tasks in a low production setting; interact appropriately with co-workers and supervisors; and function with a stable, low-stress work assignment. Tr. 24, 81–82, 120–21. The ALJ gave these opinions partial weight and discussed their consistency with the record evidence, while also discussing why Dr. Albert's

opinion was inconsistent with the record and why it failed to adequately support its conclusions. Tr. 24–25. Therefore, the ALJ did not commit reversible error in giving Dr. Albert's opinion little weight.

Plaintiff next argues that the ALJ erred in finding that plaintiff has the RFC to perform light work with limitations. An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a). An RFC should reflect the most that a claimant can do, despite the claimant's limitations. *Id.* An RFC finding should also reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006).

Plaintiff relies in large part on his own testimony in arguing that the evidence does not support the ALJ's RFC finding. However, subjective testimony alone cannot sustain a finding of disability, and the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. SSR 16-3p. In addition, the ALJ need not accept a claimant's subjective evidence to the extent that it is inconsistent with the available evidence. *Hines*, 453 F.3d at 565. Here, the ALJ provided several reasons, which are supported by the record evidence, for why plaintiff's allegations and testimony were inconsistent with the record evidence. For example, while plaintiff testified that his psychiatric symptoms and pain were disabling and that he has extreme difficulty concentrating or performing daily tasks, *see* Tr. 51, 55–57, the ALJ discussed the evidence to the contrary which indicated that plaintiff's daily activities included going outside every day, Tr. 16, 273, spending time with family, Tr. 16, 274, performing his own personal care, Tr. 16, 271, making his bed and cleaning his room, Tr. 16, 272, preparing simple

7

foods, Tr. 16, 272, and taking care of himself while his sister was at work. Tr. 16, 270. The ALJ also discussed the evidence of plaintiff's normal psychiatric status, Tr. 17, 21–22, 462–63, 494, 501, good recovery from the stroke, Tr. 20–21, 459, and the opinions of Drs. Wax and Strobel-Nuss that plaintiff could understand and remember simple instructions; maintain the level of attention and concentration required to perform simple, routine, repetitive tasks in a low production setting; interact appropriately with co-workers and supervisors; and function with a stable, low-stress work assignment. Tr. 24, 81–82, 120–21.

The ALJ also discussed how plaintiff's subjective complaints regarding the use of his left arm were inconsistent with the other available evidence. For example, Dr. Thomson's physical examinations yielded generally normal results, with only notations of a slightly irregular gait, some arm and back tenderness, some shoulder crepitus, and slightly reduced strength in the upper left extremity on one occasion. Tr. 487–88, 493–94, 501, 507–08, 522–23. Other examinations showed normal range of motion in all four extremities, normal grip strength bilaterally, full muscle strength, and normal dexterity, Tr. 549, and only minimal muscle weakness on the right side. Tr. 458–59.

Because plaintiff's testimony is not supported by medical opinion or evidence, because plaintiff does not cite substantial contrary evidence in the record aside from his own testimony to support his contention that the ALJ's RFC was incorrectly made, because the ALJ expressly accounted for plaintiff's documented impairments in his RFC, and because the ALJ properly relied on and discussed physician examinations in making his findings, the Court finds that the ALJ's RFC is supported by substantial evidence.

In summary, the evidence relied on by the ALJ, including physician opinions and record medical evidence, supported his opinion weight determinations and RFC. For this and all the

reasons discussed above, the Court finds that the decision of the ALJ in this case is supported by substantial evidence. The decision of the Commissioner is therefore affirmed.

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 15] is DENIED and defendant's motion for judgment on the pleadings [DE 17] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this 5 day of June, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE